**Lee CURRY, Jr., et al., Appellants,**

v.

**Laurence CURRY et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 10, 1954.

As Modified on Denial of Rehearing
Jan. 21, 1955.

Thomas J. Wood, Stites, Wood, Helm & Taylor, Allen P. Dodd, Jr., Louisville, for appellants.

J. Blakey Helm and Henry T. Merritt, Louisville, for appellees.

MONTGOMERY, Justice.

This is a declaratory judgment proceeding brought by Chester O. Jones, executor of the will of Lee Curry, Sr., for the purpose of determining the proper construction of Mr. Curry's will. The Jefferson Circuit Court, Macauley L. Smith, Judge, held that Clause 3 of the will created specific bequests in favor of the designated beneficiaries in both subclauses a and b, and, therefore, all the debts, funeral expenses, and expenses of administration of the estate of Lee Curry, Sr., whether in Kentucky or Florida, should be apportioned

against the legatees and devisees according to the value of the benefits received by each.

Lee Curry, Jr., one of the beneficiaries under the will, and the executor have appealed on the ground that Clause 3–a of the will constituted a specific bequest and devise in favor of Lee Curry, Jr., and that Clause 3–b constituted a residuary bequest, or at most a general bequest, in favor of the other legatees, and, therefore, the debts of the decedent and the costs of administration should be borne by the property which passed under Clause 3–b. The portion of the will with which we are concerned reads as follows:

"3. I give, bequeath, and devise all of my worldly possessions to my children, Lee Curry, Jr., Elizabeth, Ruth, Lawrence, Susanna, Renau, Mildred and Margaret, to be divided as follows:

"a. I give, bequcath, and devise to my son, Lee Curry, Jr., in fee simple, the land located in Eau Gallie, Brevard County, Florida, to-wit: Lots 1 and 2 and parts of Lots 5 and 6, in Block 23, according to the Plat of Eau Gallie, together with any and all improvements located thereon; any money which Lee Curry, Jr., owes me at the time of my death or any lien or note made by Lee Curry, Jr., which I may hold against him at the time of my death, shall all be cancelled out and shall be uncollectable by my estate.

"b. I give, bequeath, and devise to my remaining seven children, Elizabeth, Ruth, Lawrence, Susanna, Renau, Mildred and Margaret all of the residue of my estate, both real and personal, of every sort not hereinabove specifically devised, in equal shares, share and share alike; in the event any of my said children die before this Will takes effect, then in such event their share shall descend to his or her heirs; the properties, both real and personal, located in Louisville, Kentucky, shall be divided between my seven children above named in accordance with the valuation of said property and the valu-

ations and divisions shall be made by my remaining seven children in an amicable manner if possible, but in the event they fail to agree upon the valuation or division, then my executors, hereinafter named, and my children, shall employ three impartial real estate brokers to evaluate said properties and to assist in the division thereof."

■ In reading Clause 3–a of the will, we find that Lee Curry, Sr., made a specific bequest and devise of property to Lee Curry, Jr. This is indicated by the fact that he located and described the land to be devised. Furthermore, he specifically stated that any debt Lee Curry, Jr., owed him was to be cancelled and was not to become a part of his estate.

■ The question now arises: Does Clause 3–b constitute a specific bequest and devise? If not, do the debts, funeral expenses, and costs of administration have to be borne by those taking under it? In reading Clause 3–b, we find that the testator referred to his other children as "my remaining seven children," and then listed them. He then used the words, "all of the residue of my estate, both real and personal, of every sort not hereinabove specifically devised, in equal shares, share and share alike." The phrases "residue," "not hereinabove specifically devised," and "share and share alike" indicate that Lee Curry, Sr., intended Clause 3–b to be a residual disposition. The latter part of this Clause simply provided a method of dividing the residual properties located in Louisville. It is evident that he intended to prefer Lee Curry, Jr., over the rest of his children, even to the extent that the property devised under 3–b be used first in paying his debts, funeral expenses, and costs of administration.

■ The rule that is followed in this state, where there are specific, general, and residual bequests and devises in a will, is set out in Ballinger's Devisees v. Ballinger's Adm'r, 251 Ky. 405, 65 S.W.2d 49, 51, wherein the Court said:

"Conversely stated, the general rule is, in the absence of a contrary intention appearing in the will, or modification by statute, that residuary gifts are to be first appropriated in satisfaction of abatement deductions; and if they are insufficient for that purpose, then resort is to be had to general legacies of personal property, and if they are insufficient, the next available class for that purpose is specific gifts of personal property, and lastly specific devises of real estate. If, however, any particular class of gifts are not entirely consumed in satisfying the abatement, then all gifts within that class should be ratably reduced in proportion that the entire amount of them not consumed bears to their total amount."

■ Under the rule as stated, the proper construction of Clause 3–b is that all of the debts, funeral expenses, and costs of administration of the estate of Lee Curry, Sr., shall be paid from the property disposed of by said clause, including the payment of the sum of $128.63 paid by Lee Curry, Jr., as hospital charges, and that no part of same shall be paid out of the property disposed of by Clause 3–a to Lee Curry, Jr., until all of the property included in Clause 3–b has been exhausted for said purposes.

The judgment insofar as it authorized payment to Lee Curry, Jr., in the sum of $128.63 paid by him as hospital charges is correct.

Judgment reversed with directions to set it aside and to enter a judgment in conformity with this opinion.